IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-41447
Summary Calendar
_____

RAYMOND WYATT YOUNG,

                                    Plaintiff-Appellant,

versus

BUCK CARROLL, Correctional Officer 3;
LAWSON ANTHONY, Correctional Officer 3,

                                    Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:99-CV-226
--------------------
August 22, 2000

Before JOLLY, JONES, and DeMOSS, Circuit Judges.

PER CURIAM:[*]

     Raymond Wyatt Young (Texas prisoner #536364) appeals the
district court's dismissal of his civil rights complaint as
frivolous and for failure to state a claim under 28 U.S.C.
§ 1915(e)(2)(B).  Young's complaint listed the named defendants
as Buck Carroll and Lawson Anthony and alleged an excessive-force
claim against Carroll which Anthony purportedly witnessed.  Along
with his complaint, Young submitted prison grievance forms which
included complaints that the recreational yard for prisoners in

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

administrative segregation did not have a toilet and a water faucet.

In his report, the magistrate judge addressed the claim pertaining to the prison recreational yard but did not address the excessive-force claim against Carroll. Although Young's complaint listed Carroll and Anthony as named defendants, the magistrate judge listed the named defendants as David Sweetin, Todd Harris, and Michael Sizemore. It is also at this time that the caption of the case changed from Young v. Carroll to Young v. Sweetin. The district court later adopted the magistrate judge's report over Young's objections. It is not clear from the record whether Young v. Carroll and Young v. Sweetin are two separate actions or are indeed the same action. Given these circumstances and that Young's excessive-force claim went unaddressed, we VACATE the district court's judgment and REMAND the case for additional proceedings consistent with this opinion.

VACATED AND REMANDED.